UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
|    MARLON LAMONT ALLEN, SR., : | |
|    ICIE KOLE ALLEN, : | CHAPTER 13 |
|       Debtor(s) : | |
| : | |
| JACK N. ZAHAROPOULOS, : | |
| CHAPTER 13 TRUSTEE, : | |
|       Movant : | |
| : | |
|    vs. : | |
| : | |
| MARLON LAMONT ALLEN, SR., : | |
| ICIE KOLE ALLEN, : | |
|       Respondent(s) : | CASE NO. 1:25-bk-02134-HWV |

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to confirmation of the above-referenced Debtor(s)' Plan for the following reason(s):

1. Debtor(s)' Plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that Debtor(s) has/have not submitted all or such portion of the disposable income to Trustee as required. More specifically,

Trustee alleges, and therefore avers, that Debtor(s)' disposable income is greater than that which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amount(s):

   a. Even plans that pay a 100% dividend to unsecured creditors are required to pay the monthly Means Test minimum amount, unless the plan pays a 100% dividend to unsecured creditors <u>and</u> interest is paid to unsecured creditors at the federal judgment interest rate. *See In re Parke,* 369 B.R. 204 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

2. Failure to properly state the liquidation value in Section 1.B. of the Plan. The Trustee calculates the liquidation value at $314,968.00.

3. Failure to properly state the minimum amount to be paid to unsecured creditors in Section 1.A.4. of the Plan, as required by the Mean Test. The Trustee calculates that it should be $514,281.00.

4. Trustee avers that Debtor(s)' Plan is not feasible based upon the following:

   a. The Plan is underfunded relative to claims to be paid – 100% plan.
   b. Secured claims are not in the Plan. See Claims 7-1 and 10-1.

5. Debtor(s) has/have not demonstrated that all tax returns have been filed as required by § 1325(a)(9). More specifically, the Debtor(s)' 2024 Federal tax return has not been filed.

6. Trustee avers that Debtor(s)' Plan cannot be administered due to the lack of the following:

   a. Debtor(s) has/have not provided Trustee with a copy of his/her/their 2024 federal income tax return(s) as required by § 521(e)(2)(A).

WHEREFORE, Trustee alleges and avers that the Plan cannot be confirmed, and therefore, Trustee prays that this Honorable Court will:

   a. deny confirmation of Debtor(s)' Plan;
   b. dismiss or convert Debtor(s)' case; and
   c. provide such other relief as is equitable and just.

Dated: September 11, 2025

Respectfully submitted:

/s/ Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

CERTIFICATE OF SERVICE

        I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

    Joseph Quinn, Esquire
    192 South Hanover Street
    Suite 101
    Pottstown, PA 19464-6096

Dated: September 11, 2025

                                        /s/ Matthew Harnsberger, Legal Assistant
                                        Office of Jack N. Zaharopoulos
                                        Standing Chapter 13 Trustee